ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

875 THIRD AVENUE

NEW YORK, NEW YORK 10022-0123

(212) 603-6300

FAX (212) 956-2164

May 31, 2019

**meg@robinsonbrog.com**
**(212) 603-6360**

Hon. Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Yepez v. 1701 Corp. and Prmukh Health Market, Inc.*  17 -cv- 00153

Dear Judge Bloom:

Please accept this correspondence as Defendants' status report of the ADA compliance at 1701 Church Avenue.  As you may recall, Plaintiff's counsel submitted a report from its expert who examined the construction and facility on March 13, 2019 and made some further recommendations.  In an effort to further accommodate those recommendations and avoid a dispute over the sufficiency of work already performed, the additional work was performed.

Defendants have re-poured the concrete ramp pursuant to and in accordance with the additional recommendations of Plaintiff's expert and have replaced the height of the rails to be compliant as well.  At this point, based on the directives at the last conference, and Your Honor's admonitions to Plaintiff's counsel regarding the accessibility inside the market, we believe the substantive issues of this case have been concluded.

We all understand there is the issue of reimbursement of reasonable costs and attorney's fees which we will first take up with Plaintiff's counsel upon their submission of their reimbursement request.  We are hopeful that the request will take into consideration Your Honor's statements regarding reasonableness.  We will update the Court on any remaining dispute of the reimbursement request and the need for the Court's intervention.

Plaintiff's Position

Pursuant to the Order issued by Your Honor, plaintiff hereby provides her position concerning "the status of defendants' remediation efforts and the parties' settlement positions." With regard to the defendants' remediation efforts for the new entrance, the defendants' statements indicate that they have not remediated all the violations contained in plaintiff's expert report.

Defendants state that they have "re-poured the concrete ramp pursuant to and in

{01010178.DOC;1 }

Hon. Lois Bloom
Page 2

accordance with the additional recommendations of Plaintiff's expert" but plaintiff's expert did not recommend re-pouring the concrete. Rather, plaintiff's expert recommended that the defendants repave the ramp so that the running slope and cross slope are no more than 8.33% and 2% respectively. Yet defendants make no statement affirming that the slopes have been remediated in compliance with the ADA.

Defendants state that they have "replaced the height of the rails to be compliant." But plaintiff's expert never identified the 'height' of the handrails as an issue and never recommended that the height of the handrails be replaced. Rather, plaintiff's expert recommended that the handrails: be relocated so that they are 60 inches minimum perpendicular to the doorway; be returned to the top and bottom handrail extensions to a wall, guard or the landing surface; and replace the door's privacy latch with a latch that is easy to grasp with one hand. Defendants' statement does not claim to have remediated any of these conditions.

Equally important is the fact that defendants do not address the issue of keeping the new side entrance open and unlocked during business hours. Plaintiff's expert witnessed how the defendants were keeping the side entrance unopened unlocked during business hours.

Plaintiff's settlement position is that the defendants must remediate the conditions identified in plaintiff's expert report and provide an affidavit affirmatively stating how each condition identified by plaintiff's expert has been remediated. In addition, given that the defendants kept the new entrance unopened and locked during business hours and because this is a policy that can easily be defied, the Court should issue an Order enjoining the defendants to keep the new entrance opened and unlocked during business hours.

As Plaintiff has stated before, even if the entrance is remediated, Plaintiff desires to prosecute her claims to remediate the interior of the store and those claims should not be delayed. Plaintiff therefore respectfully asks the Court to issue a scheduling order permitting discovery concerning the interior including permitting plaintiff's expert to inspect the interior of the premises. After the interior has been inspected by plaintiff's expert then plaintiff's position is that the parties could mediate, utilizing the District's mediation program, all the outstanding remediation issues as well as the monetary issues. Thank you for your time and attention to this matter.

Defendants' Response

After the Defendants had an opportunity to review Plaintiff's position as stated herein, they went to the contractor to ascertain the extent to which the construction was compliant. The contractor has responded by advising that the ramp was re-paved so that the running slope and cross-slope are no more than 8.33% and 2%, respectively. The height of the handrails provide a 60" minimum perpendicular space to the doorway. The hardware has been replaced to provide for an easier access to the doorknob.

Hon. Lois Bloom
Page 3

A photo taken upon completion of the remedial work is annexed hereto.

Plaintiff raises the issue of the accessibility at the side entrance to the store.  This same issue was raised during our last court proceeding wherein Mr. Lesser advised that the side entrance has been and remains unlocked during business hours.

Although Plaintiff raises the issue of prosecuting claims regarding the remediation of the interior of the store, again, as the Court indicated, based on your personal inspection, that issue is over.

At this point, we would request that Plaintiff deliver a reasonable submission for attorneys fees and expenses, taking into consideration the rulings and statements made by Your Honor.  At that point we will be in a position to advise the court whether we will require judicial intervention to resolve the matter.

Respectfully,

Michael E. Greene

MEG/bb
cc:     Leonard Lesser, Esq.
        Joshua I. Gornitsky, Esq.
        Glen Parker, Esq.

{01010178.DOC;1 }

